NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CIVIL ACTION NO. 07-CV-69-KKC

CECIL M. HART                                                                     PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

D.L. STINE, *Warden*                                            RESPONDENT

Cecil M. Hart, who is incarcerated in the United States Penitentiary McCreary ("USP-McCreary") has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The petitioner has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), a district court has authority to dismiss a case at any time if it determines the action: (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The petitioner alleges complains in his §2241 petition that the Federal Bureau of Prisons ("BOP") refuses to credit his current federal sentence with 52 months of time he spent in federal custody between March 9, 1999, and July 29, 2003. The latter date is the date on which the petitioner began serving a sentence imposed in the United States District Court for the Southern District of Florida. The petitioner claims that the length of his federal sentence has been increased as a result of the BOP's actions. He contends that his right to due process of law under the Fifth Amendment of the United States Constitution has been violated.

## RELIEF REQUESTED

Petitioner seeks an order directing the BOP to credit his current federal sentence with approximately 52 months of time which he states that he spent in pre-sentence custody.

## RESPONDENT

The named respondent is D.L. Stine, the warden of USP-McCreary.

## PETITIONER'S CRIMINAL CONVICTION

The petitioner explains that in 1990 and 1993, he was indicted in the United States District Court for Southern District of Florida (Miami Division) for conspiracy to possess, with intent to distribute, a detectable amount of cocaine in violation of 21 U.S.C. § 846. *See United States of America v. Cecil Hart*, 1:93-CR-432-10 (Hon. Joan A. Lenard, presiding). Petitioner states that until March 9,1999, he remained a fugitive on both the federal conspiracy charges as well as unrelated state charges filed against him in Florida. [Petitioner's Memorandum of Law,

2

Record No. 3, p.2][1] The petitioner states that on March 9, 1999, he was arrested in New York by federal authorities. [*Id.*]

The petitioner was convicted of drug offenses in the Southern District of Florida. On August 30, 2002, that court imposed a 135-month sentence plus a 3-year term of supervised release.[2] On September 4, 2002, the petitioner was returned to the state custody in Florida. On September 5, 2002, the petitioner began serving his Florida state sentence, which sentence expired on July 29, 2003. On that date, the petitioner's federal sentence commenced.

## EXHAUSTION

The petitioner has filed documents which demonstrate that he has fully exhausted all the three-step administrative remedy process required by 28 C. F.R. § 542.13 -15. At all levels, the BOP denied the petitioner's request that credit be applied toward his federal sentence for the time period between March 9, 1999, and July 29, 2003. [Record No. 6, pp.4, 8 & 10].

The various responses issued by the BOP during the administrative remedy process state that the petitioner was arrested by New York state authorities on March 9, 1999, for an

---

[1] The petitioner explains that in 1990 and 1993, he was indicted in the Southern District of Florida for conspiracy to possess, with intent to distribute, a detectable amount of cocaine in violation of 21 U.S.C. § 846. He states that until March 9,1999, he remained a fugitive on both the federal conspiracy charges as well as unrelated state charges filed against him in Florida. [Petitioner's Memorandum of Law, Record No. 3, p.2]

The 135-month sentence rendered in the Southern District of Florida is actually found as Docket Entry # 348 in a 1993 criminal proceeding, being *United States v. Welch*, et al, 1:93-CR-00432-JAL-10. It appears that Petitioner Hart was one of many defendants named in that indictment. The 1990 criminal proceeding in the Southern District of Florida was *United States of America v. Hart*, 1:90-CR-00109-JAL.

[2] Petitioner states that the sentence was handed down on August 27, 2002, but the Docket Entry #348 indicates that the Judgment was dated August 30, 2002. [*See* Southern District of Florida, Case No. 93-CR-432-JAL].

3

outstanding warrant issued by the State of Florida. The BOP responses state that, on March 7, 2002, (three years after the March 9, 1999 arrest) the petitioner was removed from state custody by the United States Marshals Service via a writ of *habeas corpus ad prosequendum*. [*Id*.]

The BOP contends that while federal authorities had temporary custody of the petitioner pursuant to the writ, the state of Florida maintained primary custody of the petitioner. [*Id*.]. The BOP responses state that the petitioner was returned to state custody on September 4, 2002, with a detention request lodged with state authorities [Record No. 6, pp 4, 8 & 10]

All of the BOP officials maintain that when the federal court in the Southern District of Florida sentenced the petitioner to the 135-month prison term, it did *not* order his federal sentence to run concurrent to his state sentence. [*Id*.].[3] The BOP officials concluded that: (1) the petitioner's state sentence began on September 5, 2002; (2) the petitioner's federal sentence commenced on July 29, 2003, the date his state sentence expired; and (3) the state credited all time which the petitioner spent in custody between March 9, 1999 and July 29, 2003. [*Id*].

On November 13, 2006, K. M. White, Regional Director of the BOP's Mid-Atlantic Region Office ("MARO"), denied the Petitioner's BP-10 appeal, the second of three appeals required by BOP regulations. On February 9, 2007, Harrell Watts, Administrator of the National Inmate Appeals, denied the petitioner's final BP-11 appeal. He supported the previous decisions of Warden Stine and MARO Director White, and denied the request to credit the petitioner's federal sentence for the 52-month period of time.

---

[3]

Petitioner states that on September 5, 2002, he was sentenced in the Florida state court to a twenty-year prison term "with 1,275 days time served." [Record No. 3, p.4]. Petitioner argues that his state sentence was to run "co-terminus" (presumably, "concurrent to") to his federal sentence.

4

Watts determined that awarding the petitioner with the credit requested would be giving him double credit for time which had already been applied to his state sentence. Watts concluded that such a result would violate 18 U.S.C. §3585(b).[4]

## DISCUSSION

The BOP correctly concluded that the petitioner is not entitled to additional credit toward his federal sentence for the period of time between March 7, 1999, and July 29, 2003.

---

[4]Watts stated as follows:

Your {sic} contend the March 9, 1999, arrest was by a federal agency for federal charges, rather than being pursuant to a warrant from the State of Florida. As such, you believe you are entitled to credit since the date of your arrest. Our review of applicable records shows you were arrested by the New York City Police Department pursuant to an outstanding warrant issued by the State of Florida. The state established jurisdiction over you with your arrest, and the state maintained primary custody. Because of this, federal authorities obtained temporary custody via a writ of habeas corpus, on March 7, 2002. Your federal sentence was imposed on August 27, 2002, and shortly thereafter you were appropriately returned to state custody, with a detention request lodged with the state authorities.

The order in which sentences from different jurisdictions are served is governed by primary jurisdiction. The sovereign with primary jurisdiction in your case was the State of Florida. State authorities retained jurisdiction over you until it was relinquished upon the satisfaction of your state obligations. ,This occurred on July 29, 2003. In accordance with 18 U.S.C. § 3585(a), your federal sentence commenced on that day. The application of prior custody credit is governed by i8 U.S.C. § 3585(b) and prohibits credit which has been credited toward another sentence. Our information shows your state obligations were credited with the entire time between your arrest date and your release to the US Marshals Service on July 29, 2003. It cannot be credited toward the service of your current federal sentence . . . .

Your request for credit was construed as a request for a nunc pro tunc (NPT) designation to the state. As such, the sentencing court was contacted for its position on the matter. On January 19, 2005, the Court clarified its position, ordering its denial of your NPT request. As your request was not found consistent with the intent of the sentencing federal court, the start date of your sentence remains as noted above.

[*See* Record No. 6, p. 10]

5

Petitioner seeks an order requiring the BOP to award him with credit on his federal sentence resulting from time he spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum*. This time period began on March 9, 1999, the date on which state officials took the petitioner into custody, and ended July 29, 2003, the date on which the petitioner began serving the federal sentence imposed in the Southern District of Florida.

On March 7, 2002 (three years after his arrest on March 9, 1999) federal authorities took the petitioner into custody under the writ of *habeas corpus ad prosequendum*. This writ is used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined. *Black's Law Dictionary*, Seventh Edition, p. 715.

The applicable statute is 18 U.S.C. §3585, which reads in relevant part as follows:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. §3585(b) (emphasis added).

Under the statute, it is the Attorney General, through the BOP, who is authorized to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the same statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." *Id.*

The petitioner could not begin to accrue credit toward his federal sentence until he came into federal custody, which in this case was July 29, 2003. This was the date on which he ended service of his state sentence and began service of his federal sentence. As the BOP noted during the administrative appeal process, the general rule is that under §3585(a), a sentence to a term of imprisonment begins on the date the defendant is received into official custody.[5]

Because Petitioner Hart received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his federal sentence. *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993). If the petitioner were credited for this time against his federal sentence, he would be receiving improper double credit. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505; *Garrett v. Snyder*, 41 Fed. Appx 756, **1 (6th Cir. (Ky.) June 25, 2002) (Not Selected for Publication in the Federal Reporter).

The case of *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished), erodes the petitioner's theory that he is entitled to credit on his current federal sentence imposed for the time he served in pre-sentence custody, between March 9, 1999 and July 29, 2003, pursuant to a writ of *habeas corpus ad prosequendum*. Huffman similarly alleged that he, like the instant petitioner, was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the

---

[5] *See* 18 U.S.C. §3585(a) **Commencement of sentence**.--

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

7

custody of the USM, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating as follows:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman* at 1359. The Sixth Circuit concluded that because Huffman received credit on his state sentence for the period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit. *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman* at 1359.[6]

Here, because Petitioner Hart was only "borrowed" by federal authorities while in their custody under writ of *habeas corpus ad prosequendum*, he remained in the primary custody of the state authorities. Thus, as the three BOP officials correctly concluded, the petitioner is not entitled to "double-dip" by receiving credit toward his federal sentence for this same time.

---

[6] *See also Easley v. Stepp*, 5 Fed. Appx. 541, 2001 WL 252891 (7th Cir. (Ill.)). In *Easley*, the petitioner Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, relying on *Sinito v. Kindt*, 954 F.2d 467,469 (7th Cir. 1992). The court found that because Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ, the time spent in custody pursuant to the writ was applied to his state sentence. *Easley* concluded that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542. *See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. (Ill.)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.(Ky.)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

8

*McClain* and *Huffman* require dismissal of the instant §2241 petition. To the extent that the petitioner was serving a Florida state sentence between March 9, 1999, and July 29, 2003, that fifty-two months of credit for time served would have been applied to his *state* sentence. He was in the primary custody of that state entity. To award the petitioner with fifty-two months of credit toward his federal sentence would result in the petitioner receiving a double credit for the same time served, in violation of 18 U.S.C. §3585(b) and the case law cited.

As a final matter, the Court rejects the petitioner's contention that the Southern District of Florida ordered his federal sentence to run concurrent to his Florida state sentence. The Criminal Judgment imposed on August 30, 2002 in the petitioner's criminal proceeding in the Southern District of Florida states as follows:

> **JUDGMENT** as to Cecil Hart (10) count(s) 7 Imprisonment 135 months, Supervised Release 3 years both to run concurrently with sentence imposed in case 90-109-CR-JAL, Assessment $50.00 (Signed by Judge Joan A. Lenard on 8/30/02)

[*See* 1:93-CR-432-JAL-10, Record No. 348].

Contrary to the petitioner's assertions, this entry does *not* indicate that the petitioner's federal and state sentences were to run concurrently. The Judgment states that the sentence being imposed in 93-CR-432 was to run concurrent to *another federal sentence* imposed in the Southern District of Florida, being that set forth in 90-CR-109.

The petition must be denied, and this action will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

9

CONCLUSION

Accordingly, **IT IS ORDERED** that the petitioner's §2241 petition is **DENIED** and that this proceeding [06-CV-69-KKC] is **DISMISSED WITH PREJUDICE**. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

Dated this 30th day of April, 2007.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge